## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BECKLEY DIVISION

| | |
|---|---|
| **ROBERT WARD,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **CIVIL ACTION NO. 5:06-0042** |
| ) | |
| **CHARLES T. FELTS,** ) | |
| **Warden, FCI Beckley,** ) | |
| ) | |
| Respondent. ) | |

### PROPOSED FINDINGS AND RECOMMENDATION

Pending is Mr. Ward's Application Under 28 U.S.C. § 2241 for Writ of *Habeas Corpus* by a Person in State or Federal Custody, in which he challenges the conditions of his confinement at FCI Beckley. (Document No. 1.) The undersigned finds that Mr. Ward's Petition should be construed as a Complaint claiming entitlement to relief pursuant to Bivens v. Six Unknown Federal Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 24 L.Ed.2d 619(1971). Having examined Mr. Ward's claims, the undersigned has concluded that he fails to state a claim for which relief can be granted in this matter and, therefore, respectfully recommends that his Application (Document No. 1.) be denied and this matter be dismissed.

### FACTUAL BACKGROUND

On January 18, 2006, Mr. Ward, acting *pro se* and formerly incarcerated at FCI Beckley,[1] in Beckley, West Virginia, filed his Application Under 28 U.S.C. § 2241 for Writ of *Habeas Corpus*

---

[1] The Bureau of Prisons' Inmate Locator indicates that Mr. Ward was released from custody on March 21, 2008.

by a Person in State or Federal Custody.[2] (Document No. 1.) Mr. Ward alleges that he is suffering from "classic medical symptoms of a major heart attack or stroke" and the Warden at FCI Beckley is "deliberately denying him necessary medical services" in violation of his Eighth Amendment rights. (Id., p. 8.) Specifically, Mr. Ward states that he suffered a "major heart attack, cardiac distress, or stroke" on February 23, 2005. (Id.) Mr. Ward complains that he was required to "walk down several flights of stairs, from the uppermost level of the uppermost housing unit, where he was assigned by the Warden, then forced to walk all the way across the compound property, unescorted, to the medical health services." (Id., p. 9.) Once Mr. Ward arrived at the medical unit, an electrocardiograph [EKG] was conducted, nitroglycerin tablets were given, and he was transported to the local emergency room. (Id.) Mr. Ward was evaluated and treated at the emergency room. (Document No. 1, p. 9 and Document No. 1-2, p. 8.) A cardiolite adenosine stress test was performed during Mr. Ward's hospitalization. (Id.) On February 26, 2005, Mr. Ward was released from the hospital and the treating physician "prescribed a regiment of medication, rest and cardiac diet with reasonable work proscriptions." (Document No. 1, p. 9.) Mr. Ward complains that upon returning to FCI Beckley, the Warden "deliberately ignored the regiment of health services prescribed" by the emergency room physician. (Id., p. 10.) Specifically, Mr. Ward states that the Warden assigned him to trash detail work, which required Mr. Ward to "load and stack, heavy, industrial sized trash bags." (Id.)

On March 1, 2005, Mr. Ward went to the medical unit on a "sick-call" again complaining of his heart condition. (Id., p. 11.) Mr. Ward alleges that the staff "became angry, rude, and

---

[2] Because Petitioner is acting *pro se*, the documents which he has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

2

unprofessional" and asked him to leave the medical unit.[3] (Id.) Mr. Ward states that he experienced "the exact same classic medical symptoms of a major heart attack or stroke" on December 28, 2005. (Id., p. 12.) On December 30, 2005, Mr. Ward again reported to the medical unit on a sick-call visit. (Id., p. 15.) An EKG was conducted and medications were prescribed. (Id.) On January 5 and 13, 2006, Mr. Ward reported to the medical unit complaining of dizziness and weakness. (Id., pp. 15 - 16.) Mr. Ward states that EKGs were conducted on both sick call visits. (Id.) Mr. Ward, however, contends that he should have been referred to an outside doctor for treatment of his heart condition. (Id.) Mr. Ward asserts that the Warden teaches that "inmates are not to be treated like human beings" and is transforming the "federal prison system into a death house or concentration camp . . . as in Nazi Germany." (Document No. 1, p. 13.) Mr. Ward further indicates that the sentencing court was aware of his heart condition and defense counsel requested the court to recommend a medical facility for his incarceration." (Document No. 1, p. 18 and Document No. 1-2, p. 25.) Therefore, Mr. Ward requests that the Court "issue an order to the Respondent Warden to forthwith transport the aggrieved party, undersigned, back to the treating physician at the emergency room of the local hospital . . . and he must be transferred to a medical facility." (Document No. 1, p. 14.)

By Standing Order, this matter was referred to the undersigned United States Magistrate

---

[3] The counselor's response to Mr. Ward's administrative remedy states as follows: "We base our opinions on what the written report from the hospital states and no further test were recommended. PA Rose told you to leave his office after you became belligerent stating 'This is bullshit.'" (Document No. 1-2, p. 24.)

The Warden's response to Mr. Ward's administrative remedy states as follows: "On March 1, 2005, during a sick-call visit, you were requesting the results of the Stress Test. After being told the results and the recommendations, you demanded to be seen by another provider. You were then asked, by the Physician Assistant, to leave the office, and you were informed the issue would be discussed with the Clinical Director." (Document No. 1-2, p. 8.)

Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 3.) Pursuant to 28 U.S.C. § 1915A, the Court is required to screen each case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. Upon review, the Court must dismiss the case if the complaint is frivolous, malicious or fails to state a claim upon which relief can be granted. A "frivolous" complaint is one which is based upon an indisputably meritless legal theory. Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992). A "frivolous" claim lacks "an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831 - 32, 104 L.Ed.2d 338 (1989). The undersigned has determined that Mr. Ward's Complaint in this case should be summarily dismissed as moot because Mr. Ward has been released from custody and has not made a claim for monetary relief.

## ANALYSIS

Mr. Ward is not entitled to relief under Section 2241 because he is challenging the conditions of his confinement. A Section 2241 petition is used to attack the manner in which a sentence is executed, e.g., time credit calculations. Thus, a Section 2241 petition is appropriate where the prisoner challenges the fact or length of his confinement, but generally not the conditions of that confinement. See Preiser v. Rodriguez, 411 U.S. 475, 499-500 (1973); Ajaj v. Smith, 108 Fed.Appx. 743, 744 (4th Cir. 2004). Therefore, the undersigned finds that Mr. Ward's Petition must be construed as a Complaint claiming entitlement to relief pursuant to Bivens v. Six Unknown Federal Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 24 L.Ed.2d 619(1971).

A Bivens action is a judicially created damages remedy which is designed to vindicate violations of constitutional rights by federal actors. See Bivens v. Six Unknown Named Agents of

the Fed. Bureau of Narcotics, 403 U.S. at 395-97, 91 S.Ct. at 2004-05; See also Carlson v. Green, 446 U.S. 14, 100 S.Ct. 1468, 64 L.Ed.2d 15 (1980)(extending Bivens to Eighth Amendment claims); Davis v. Passman, 442 U.S. 228, 239 n. 18, 99 S.Ct. 2264, 2274 n. 18, 60 L.Ed.2d 846 (1979)(extending Bivens to allow citizen's recovery of damages resulting from a federal agent's violation of the Due Process Clause of the Fifth Amendment.) A Bivens action is the federal counterpart of an action under 42 U.S.C. § 1983. A plaintiff asserting a claim under Bivens must show the violation of a valid constitutional right by a person acting under color of federal law. Under Article III, Section 2 of the Constitution of the United States, the plaintiff "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Spencer v. Kemna, 523 U.S. 1, 7, 118 S.Ct. 978, 983, 140 L.Ed.2d 43 (1998)(quoting Lewis v. Continental Bank Corp., 494 U.S. 472, 477, 110 S.Ct. 1249, 1253, 108 L.Ed.2d 400 (1990)). This case or controversy requirement means that plaintiff must continue to have a personal stake in the outcome of the civil action when the Complaint is filed and when the case is decided. Id. If at any point in the proceeding there is no actual controversy, the case must be dismissed as moot. Id. When an inmate seeking injunctive relief is released from custody, the inmate no longer maintains a "sufficient interest in the outcome of the requested relief to present a justiciable case or controversy." Ross v. Reed, 719 F.2d 689, 693 (4th Cir. 1983). In general, claims for injunctive relief become moot when the inmate is no longer incarcerated because the inmate is no longer subjected to the condition of which he complained. Id. Mr. Ward has requested only injunctive relief: his release from incarceration at FCI Beckley and transfer to a medical facility. (Document No. 1, p. 14.) Mr. Ward's release from FCI Beckley, however, destroyed the "case or controversy" requirement concerning his claims. Accordingly, Mr. Ward's claim for injunctive relief

5

is moot. Because Mr. Ward has not made a request for monetary relief, his Complaint in this matter should be summarily dismissed as moot. See Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991)(finding that inmate's transfer or release from confinement does not moot the inmate's claim for monetary damages).

## **PROPOSAL AND RECOMMENDATION**

The undersigned therefore hereby respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DENY** Plaintiff's Application (Document No. 1.), **DISMISS** this civil action as moot, and remove this matter from the Court's docket.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Thomas E. Johnston. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(e) and 72(b), Federal Rules of Civil Procedure, the Plaintiff shall have thirteen days from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, Judge Johnston and

this Magistrate Judge.

The Clerk of this Court is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to Plaintiff, who is acting *pro se*.

Date: January 13, 2009.

R. Clarke VanDervort
United States Magistrate Judge